IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

EDWARD BRYANT                                                       PLAINTIFF

vs.                       CASE NO.:5:14-CV-0421 KGB-JTR

ATLAS TUBE, INC.; MIKE REDDY, Individually,
and in his Official Capacity as Atlas Supervisor;
STEVE MONNETTE, Individually, and in his
Official Capacity as Human Resource Manager;
RAY FAULKS, Individually, and in his Official
Capacity as Plant Manager; JERRY GARNER,
Individually, and in his Official Capacity as
Crane Operator; JIM JONES, Individually, and
in his Official Capacity as Crane Operator;
and CHARLES LENNARD, Individually, and in his
Official Capacity as Crane Operator.                  DEFENDANTS

_____

RESPONSE TO ORDER TO SHOW CAUSE ISSUED ON APRIL 5, 2016
_____

                                              Teresa Bloodman #2005055
                                              P.O. Box 13641
                                              Maumelle, AR  72113
                                              Telephone: (870) 550-1940
                                              teresabloodman@yahoo.com

                                              Appearing *Pro Se*

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….5

FACTUAL AND PROCEDURAL HISTORY…………………………………….7

BACKGROUND…………………………………………………………………...9

      Procedures of the Arkansas Supreme Court Regulating Professional Conduct
      of Attorneys at Law………………………………………………………….9

ARGUMENT…………………………………………………………………......11

THIS COURT SHOULD NOT RECOGNIZE AS VALID THE ORDER OF INTERIM SUSPENSION ISSUED BY THE OFFICE OF THE COMMITTEE ON PROFESSIONAL CONDUCT AS MS. BLOODMAN WAS SUMMARILY SUSPENDED WITHOUT BEING AFFORDED PROCEDURAL DUE PROCESS………………………………………………………………………11

Standard of Review……………………………………………………………….11

Discussion…………………………………………………………………………12

INASMUCH AS THE COMMITTEE'S ORDER OF INTERIM SUSPENSION DOES NOT CITE A SINGLE VIOLATION OR COMPLAINT THAT MS. BLOODMAN VIOLATED, THERE IS AN INFIRMITY OF PROOF ESTABLISHING THE ALLEGED MISCONDUCT……………………………16

Standard of Review……………………………………………………………….16

Discussion…………………………………………………………………………16

THE DISTRICT COURT'S IMPOSITION OF RECIPROCAL DISCIPLINE WOULD RESULT IN GRAVE INJUSTICE…………………………………......17

Standard of Review……………………………………………………………….17

Discussion…………………………………………………………………………17

CONCLUSION…………………………………………………………………...18

EXHIBITS

    EXHIBIT 1: Findings and Order

    EXHIBIT 2: Order of Interim Suspension

    EXHIBIT 3: Amended Affidavit in Rebuttal of the Evidence and a Request for the Dissolution of the Interim Suspension before the Committee

    EXHIBIT 4: Motion to Set Aside the Interim Order of Suspension

    EXHIBIT 5: Order Denying Motion to Dissolve or Modify Interim Suspension

    EXHIBIT 6: Section 16 of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law

## TABLE OF AUTHORITIES

**Cases**

*Ginger v. Circuit Court for Wayne County*,
372 F.2d 620, 621 (6th Cir. 1967)……………………………………………...14

*Goldberg v. Kelly*,
397 U.S. 254, 267 (1970)……………………………………………………10

*In Re Cook*,
551 F.3d 542, 550 (6th Cir. 2009)……………………………………………...13

*Hovey v. Elliott*,
167 U.S. 409, 414, 17 S.Ct. 841, 42 L.Ed. 215……………………………………...15

*In Re Noell*,
93 F.2d 5,  6 (8th Cir. 1937)……………………………………………12, 13, 15

*In Re Ruffalo*,
390 U.S. 544, 547, 88 S.Ct. 1222, 1224, 20 L.Ed.2d 117 (1968)…………………12

*In Re Squire*,
617 F.3d 461, 467 (6th Cir. 2010)……………………………………………...14

*Jones v. Hulse*,
391 F.2d 198, 202 (8th Cir. 1968)……………………………………………….12

*Matter of Discipline of Olkon*,
795 F.2d 1379, 1383 (8th Cir. 1986)……………………………………………..11

*Matter of Randall*,
640 F.2d 898,  901  (8th Cir. 1981)…………………………………………….12

*Selling v. Radford*,
243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585 (1917)…………………12, 1, 17

*Theard v. United States*,
354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957)…………………11

*Windsor v. McVeigh*,
93 U.S. 274, 277, 278, 23 L.Ed. 914……………………………………………...15

**Regulations and Rules**

Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law……………………………………………………………………..9

Section 1(E)……………………………………………………………………….10

Section 3(B)(2)……………………………………………………………………10

Section 3(B)(3)……………………………………………………………………11

Section 16………………………………………………………………………….10

**Other Authorities**

U.S. Const., Amend. 5 and Amend. 14……………………………………………...10

U.S. Const., Amend. 14……………………………………………......................14, 16

I.

FACTUAL AND PROCEDURAL HISTORY

1. On or about March 19, 2016, the Committee on Professional Conduct ("the Committee") met and voted on ten separate complaints filed against Ms. Bloodman by the Executive Director. Pursuant to the Procedures Regulating Professional Conduct of Attorneys at Law ("Procedures"), Ms. Bloodman was not permitted to attend or participate in the disciplinary proceeding.

2. On March 21, 2016, after dismissing one of the ten complaints, the Committee imposed an interim suspension on Ms. Bloodman's law license when it issued a findings and order recommending that the Executive Director institute disbarment proceedings. (See Exhibit 1). The Committee did not provide any grounds for summary suspension, or set a date for Ms. Bloodman to have an adversarial hearing on the merits of the interim suspension. Moreover, Ms. Bloodman does not know what evidence of alleged misconduct, if any, was presented by the Executive Director to the panel that recommended that she receive a summary suspension.

3. On March 22, 2016, the Executive Director entered the Committee's finding and order with the Clerk of Court. (See Exhibit 2).

4. In the finding and order, the Committee not only failed to provide any

allegations of serious misconduct, which is permissible under section 17 (E) (3) (a), but in reaching its decision of disbarment the Committee did not cite any factors that led to its conclusion.

    5.  On March 24, 2016, Ms. Bloodman filed an affidavit in rebuttal of the evidence and a request for the dissolution of the interim suspension before the Committee in order to dissolve the order of interim suspension. On April 1, 2016, an amended affidavit was filed. (Exhibit 3).  Ms. Bloodman argued, in part, that the interim suspension should be dissolved because she was denied a pre or post suspension adversarial hearing on the merits of her summary suspension.  In an order entered on April 8, 2016, the Committee denied Ms. Bloodman's request for the dissolution of the interim suspension, refusing to afford her any semblance of procedural due process.

    6.  On April 1, 2016, Ms. Bloodman filed a motion to set aside the interim order of suspension in which she, *inter alia*, moved the Committee to provide her with procedural due process. (Exhibit 4).  Ms. Bloodman argued in the motion that the Committee failed to provide her with a meaningful hearing and an opportunity to be heard on the merits of her interim suspension.  In light of the lack of procedural due process, Ms. Bloodman asserted that her suspension should be vacated, and she should have an opportunity to continue to engage in the practice of law until the commencement of her disbarment trial.  On April 8, 2016, the

Committee denied Ms. Bloodman's motion to set aside her interim suspension. In the order of denial, the Committee, again, failed to provide any details as to why it determined that Ms. Bloodman was unfit to practice law until the commencement of her disbarment trial. (Exhibit 5).

7. Pursuant to Section 16 (E) of the Procedures, Ms. Bloodman intends to file a petition for writ of certiorari in the Arkansas Supreme Court seeking to dissolve or vacate the interim suspension imposed by the Committee in the near future. The gravamen of Ms. Bloodman's claim was that she was denied procedural due process. The petition for writ of certiorari is currently pending.

8. Ms. Bloodman intends to file an expedited motion to stay the interim suspension pending the outcome of the petition for writ of certiorari in the Arkansas Supreme Court in the near future.

9. On April 5, 2016, Respondent was directed to show cause why the United States District Court for the Eastern District of Arkansas should not impose the same discipline as that imposed by the State of Arkansas.

II.

BACKGROUND

A. Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law

The current Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law were adopted and became effective in January 1998.

Pursuant to Section 16 of the Procedures, the Committee may immediately impose an interim suspension of an attorney upon a panel's decision to institute a disbarment action on any formal complaint pending before it. (Exhibit 6).   On its face, and as applied, Section 16 allows the attorney to be summarily suspended from the practice of law without the central requirement of due process: an opportunity to be heard at a meaningful time and in a meaningful manner. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); See also U.S. Const., Amend. 5 and Amend. 14.

   Indeed, under Section 16 of the Procedures, if a panel decides to impose an interim suspension of an attorney, the accused lawyer may not attend the Committee's private evidentiary hearing, present any evidence to the Committee, object to the affidavits and other documents presented by the Executive Director, or request that the affiants be made available for cross-examination.  Pursuant to Section 16, the Committee has the discretion to immediately suspend an attorney from the practice of law without providing any degree of procedural due process.

   Conversely, the Executive Director has the authority to investigate all charges of attorney misconduct, or subjectively investigate alleged attorney misconduct on his own volition. Section 1(E).  The Executive Director may give assistance for the preparation of the complainants' affidavits. Section 3(B)(2).  And he has the unfettered discretion to (1) table alleged complaints without a statute of limitations

to prosecute, (2) dismiss complaints at his sole discretion, (3) encourage reconciliation or further communication between a client and an attorney at his sole discretion (Section 3(B)(3)), and (4) present undisclosed testimony and other evidence before the Committee in its private evidentiary hearings.

### III.

### ARGUMENT

A. THIS COURT SHOULD NOT RECOGNIZE AS VALID THE ORDER OF INTERIM SUSPENSION ISSUED BY THE OFFICE OF THE COMMITTEE ON PROFESSIONAL CONDUCT AS MS. BLOODMAN WAS SUMMARILY SUSPENDED WITHOUT BEING AFFORDED PROCEDURAL DUE PROCESS

Standard of Review

Federal district courts have power independent of state courts to discipline attorneys admitted to practice before the federal bench. *Matter of Discipline of Olkon*, 795 F.2d 1379, 1383 (8th Cir. 1986). "[Although] a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route." *Theard v. United States*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). The federal and state judiciaries each has autonomous power to discipline members of its bar. *Id.* ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included."). The judgment of the state court in its disbarment

proceedings "is not conclusively binding on the federal courts." *Id.*; *In Re Ruffalo*, 390 U.S. 544, 547, 88 S.Ct. 1222, 1224, 20 L.Ed.2d 117 (1968); *Jones v. Hulse*, 391 F.2d 198, 202 (8th Cir.), cert denied, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968).

A district court, when determining whether to discipline a member of its bar consistent with a state disciplinary adjudication, may impose reciprocal discipline unless, after an independent consideration of the record, the court finds (1) a deprivation of due process; (2) a lack of adequate proof establishing misconduct; or (3) that the imposition of reciprocal discipline would result in grave injustice. *Selling v. Radford*, 243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585 (1917); *Matter of Randall*, 640 F.2d 898, 901 (8th Cir. 1981).

Discussion

In *In Re Noell*, 93 F.2d 5, 6 (8th Cir. 1937), an attorney, by order of the St. Louis Court of Appeals, was suspended from the practice of law in the state courts of Missouri for a period of two years. As a result, the attorney was directed to show cause why the Eighth Circuit Court of Appeals should not impose the same discipline as that imposed by the Missouri state courts. Ultimately, the Eighth Circuit dismissed the show cause proceeding against the attorney and afforded him

the opportunity to continue to practice law despite the actions of the Missouri state courts.

The Eighth Circuit's decision was based on the fact that the order of suspension issued by the St. Louis Court of Appeals "was made and entered without a hearing and without giving [the attorney] an opportunity to be heard." Given the lack of procedural due process, the Eighth Circuit refused to recognize the Missouri state court's order of suspension as valid, and allowed the attorney to continue to practice law in this circuit.  The Eighth Circuit did not base its decision on the merits of the suspension order, but rather, its findings were predicated on the constitutional infirmities of the disciplinary proceedings in the Missouri state court.

Here, as in *In Re Noell*, Ms. Bloodman was suspended from the practice of law without being provided any procedural due process.  It cannot be gainsaid that Ms. Bloodman's denial of procedural due process was significantly more egregious than the actions of the state appellate court in *In Re Noell*.  That is, in *In Re Noell* the attorney was initially provided a hearing before a commissioner who reported his findings of fact and recommendations to the state appellate court.  The lack of procedural due process in *In Re Noell* derived from the actions of the state appellate court after the initial hearing before the commissioner.  By contrast, Ms. Bloodman was suspended from the practice of law without be provided a hearing.

In the case at bar, Ms. Bloodman was suspended from the practice of law without being able to attend the Committee's private evidentiary hearing, present any evidence to the Committee, object to the affidavits and other documents presented by the Executive Director, or request that the affiants be made available for cross-examination. More to the point, in *In Re Noell* the Eighth Circuit dismissed the show cause proceeding because the attorney received inadequate or insufficient procedural due process. However, in this matter, Ms. Bloodman did not receive any procedural due process.

Due process requirements are met where an attorney involved in a disciplinary proceeding "attend[s] and participate[s] actively in the various hearings, and [is] afforded the opportunity to present evidence, to testify, to cross-examine witnesses, and to present argument." *In Re Squire,* 617 F.3d 461, 467 (6th Cir. 2010) (citing *Ginger v. Circuit Court for Wayne County*, 372 F.2d 620, 621 (6th Cir. 1967). Due process requirements are also met when an attorney is given "an opportunity to respond to the allegations set forth in the complaint, testify at length in [her] own defense, present other witnesses and evidence to support [her] version of events...,[and is] able to make objections to the hearing panel's findings and recommendations." *In Re Squire*, 617 F.3d at 467 (citing *In Re Cook,* 551 F.3d 542, 550 (6th Cir. 2009).

Here, the Committee exacerbated the problem when it failed to provide any explanation as to why Ms. Bloodman was summarily suspended as the order of interim suspension did not reference any alleged violation, alleged act of misconduct, or complaint. The absence of specifics in the Committee's suspension order not only caused Ms. Bloodman to speculate about how it arrived at its determination that an immediate suspension was apposite, but it also denies her judicial review as the courts are not capable of determining the adequacy of the suspension because of the scarcity of details. However, the lack of facts in the order of suspension does not affect the procedural due process element set forth in *Selling* as cases involving inadequate due process turn on the fairness of the disciplinary procedure, not the merits of the suspension. *In Re Noell*, supra.

In *In Re Noell*, the Eighth Circuit held that "[a] sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." Citing *Windsor v. McVeigh*, 93 U.S. 274, 277, 278, 23 L.Ed. 914; *Hovey v. Elliott*, 167 U.S. 409, 414, 17 S.Ct. 841, 42 L.Ed. 215. Ms. Bloodman contends that the aforementioned strongly worded excerpt from the opinion in *In Re Noell* was apposite inasmuch as the attorney was provided *inadequate* procedural due process by the Missouri state courts. She further asserts that the opinion of the Eighth Circuit – if *In Re Noell* is applied to this matter --

would be no less favorable to her position as she was suspended from the practice of law without being given *any* procedural due process by the Committee. The United States Supreme Court has held that a district court, on the deficiency of the procedural due process element alone, may refuse to impose reciprocal discipline. *Selling*, supra.

> B. INASMUCH AS THE COMMITTEE'S ORDER OF INTERIM SUSPENSION DOES NOT CITE A SINGLE COMPLAINT OR VIOLATION THAT MS. BLOODMAN VIOLATED, THERE IS AN INFIRMITY OF PROOF ESTABLISHING THE ALLEGED MISCONDUCT

Standard of Review

The second element of in *Selling v. Radford* states that a district court may refuse to impose reciprocal discipline if, after an independent consideration of the record, the court finds a lack of adequate proof establishing misconduct.

Discussion

According to the order of suspension, the Committee summarily suspended Ms. Bloodman from the practice of law during a private evidentiary hearing held on March 19, 2016.  However, the Committee's suspension order is devoid of a single ethical cannon that Ms. Bloodman allegedly violated, any alleged acts of misconduct, or a specific complaint that caused it to initiate a summary suspension. To that end, Ms. Bloodman asserts that the district court cannot "independently" find – without engaging in speculation – that she committed any wrongdoing.

Given the undeniable scarcity of details in the order of suspension, the imposition of reciprocal discipline by the district court would contravene *Selling* and its progeny as there is simply no proof of attorney misconduct. Ms. Bloodman asserts that an "independent consideration" of the record by this court, as required in *Selling*, could not produce any acts of attorney misconduct because the order of suspension is simply devoid of the same. The district court could, on this element alone, refuse to impose reciprocal discipline.

C. THE DISTRICT COURT'S IMPOSITION OF RECIPROCAL DISCIPLINE WOULD RESULT IN GRAVE INJUSTICE

Standard of Review

The third element of in *Selling v. Radford* states that a district court may refuse to impose reciprocal discipline if, after an independent consideration of the record, the court finds that the imposition of reciprocal discipline would result in grave injustice.

Discussion

Given, upon the face of the record, the fact that that Ms. Bloodman was not afforded the opportunity to be heard or the opportunity to participate fully in the disciplinary process thereby constituted a deprivation of due process, the lack of adequate proof establishing any misconduct, it would be a grave injustice if this Court imposed reciprocal discipline. Without any factual assertions from the Committee, this Court would be imposing a suspension on Ms. Bloodman without

16

having proof that she knowingly failed to perform services for a client, or caused serious or potentially serious injury to a client. The scarcity of facts in the order of suspension creates a situation in which this Court is unable to "independently" ascertain any facts that would warrant summary suspension.

Furthermore, Ms. Bloodman has never been convicted of a crime, and the Committee has stated explicitly that none of the remaining complaints filed against her pertain to the conversion of client funds. Ms. Bloodman is not accused of abandoning any of her clients, and there are no allegations of substance abuse, and no allegations of theft of client funds.

Ms. Bloodman vehemently denies the allegations of attorney misconduct and asserts that the numerous complaints stem, in large part, from the Executive Director's selective practice of filing old and newer grievances concomitantly, as well as him subjectively filing complaints that originated from his personal investigations, rather than from the actual grievances of clients.   The Executive Director's subjectivity, coupled with the unusual methodology of "tabling" complaints without a statute of limitations for alleged violations to be prosecuted, allows the Committee to initiate a large number of complaints at once, all under the unassailable guise of prosecutorial discretion.   While this long standing practice is permissible under the Procedures, the act of subjectively "tabling" complaints has led to Ms. Bloodman being penalized because of the sheer number of complaints

filed against her rather than the misconduct alleged in any single grievance. Ms. Bloodman asserts that none of the nine remaining complaints in this matter – if viewed separately in a vacuum – would warrant a suspension. Based on the foregoing, Ms. Bloodman avers that it would be a grave injustice if this Court imposed reciprocal discipline.

IV.

CONCLUSION

For the foregoing reasons, Ms. Bloodman requests that this Court refuse to impose reciprocal discipline as (1) the Procedures -- on its face and as applied -- denied her procedural due process, (2) there is a lack of adequate proof establishing misconduct, and (3) the imposition of reciprocal discipline would result in grave injustice.

Respectfully submitted,

/s/Teresa Bloodman
P.O. Box 13541
 Maumelle, Arkansas 72113
(870) 550-1940 Office
teresabloodman@yahoo.com

Appearing Pro Se

**CERTIFICATE OF SERVICE**

I, Teresa Bloodman, do hereby certify that a true and correct copy of the foregoing pleading was filed electronically, using the ECF system, on this 5th day

of May, 2016, with the Clerk of Court and copies to be served electronically via ECF on all counsel of record:

Mr. Charles V. Holmes
Ogletre, Deakins, Nash, Smoak & Stewart, P.C.
International Place, Tower II
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone: 901-766-4314
Fax: 901-767-7411

/s/Teresa Bloodman